A09A2016. FARR et al. v. RICE.
(684 SE2d 370)

ELLINGTON, Judge.

Michael and Cynthia Farr appeal from the trial court's order awarding Linda Rice $1,300,000, plus post-judgment interest, in this contract suit. Because there is no merit to the Farrs' arguments on appeal, we affirm.

The underlying facts are simple and undisputed. In 2007, the Farrs executed two promissory notes in favor of a private lender, Orbach Waters, LLC ("OWA"). The principal amount of the notes totaled $1,300,000. OWA agreed to lend the Farrs the money only if Michael Farr's stepmother, Linda Rice, personally guaranteed their obligations. Rice executed both notes as a "Contingent Guarantor," who would be liable only if the Farrs failed to pay the notes in full when they matured on September 12, 2007. OWA then wired the proceeds of the notes to a corporation owned and operated by Michael Farr.

The Farrs failed to pay off the notes when they matured and, in fact, have failed to make any payment on the notes since September 2007. After the Farrs ignored OWA's demand for payment on the notes, the lender filed suit against the Farrs as borrowers and Rice as a guarantor. OWA obtained a $1,908,459 judgment against Rice on November 21, 2007. In December 2007, Rice and OWA entered into a settlement agreement in which she agreed to pay OWA $1,590,000, plus interest and legal fees, to satisfy the judgment. Once Rice paid

OWA in full pursuant to the agreement, OWA assigned its rights, title and interest in the notes to Rice.

After the Farrs rejected Rice's demand that they reimburse her for the amount she paid OWA as a guarantor of their loans, Rice filed the instant indemnification suit against them. Although Rice originally sought reimbursement for the amount she had paid to OWA, she amended the complaint and ultimately sought reimbursement only for the principal amount of the loans, $1,300,000. Following a hearing, the trial court granted Rice summary judgment on her claim, awarding her $1,300,000 plus post-judgment interest.

1. On appeal, the Farrs claim that Rice was not entitled to summary judgment because the principal payments to OWA on the promissory notes were not *really* "past due," notwithstanding the express terms of the notes showing a maturity date of September 12, 2007, and the Farrs' admission that they had not paid anything toward the principal as of the date of the summary judgment hearing. The Farrs also argued below that Rice's decision to settle with OWA was unreasonable because it foreclosed their opportunity to raise possible defenses to their liability on the notes. The Farrs have failed to identify *any* possible defense, however; they suggested only that they may have tried to renegotiate the terms of the loans with OWA, which is clearly not a defense to their liability. Further, there is nothing in the record that would suggest that OWA would have been willing to renegotiate the terms of the loans. Thus, there is no merit to the Farrs' arguments on appeal.

2. Because the Farrs have failed to cite to any evidence demonstrating that they had a meritorious defense to their liability on the notes or their refusal to reimburse Rice, and because their arguments on appeal lack merit, it is clearly apparent to this Court that the Farrs filed this appeal for the sole purpose of delaying Rice's collection of the $1,300,000 judgment against them. Therefore, in addition to the judgment below, we order the Farrs to pay Rice ten percent of the judgment amount, to wit: $130,000, as a frivolous appeal penalty, pursuant to OCGA § 5-6-6.[1]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 25, 2009.

*Raley & Sandifer, Kathleen E. Sullivan, Charles R. Floyd, Jr.,* for appellants.

*Lamberth, Cifelli, Stokes, Ellis & Nason, Gary D. Stokes, Robert*

---

[1] "When in the opinion of the court the case was taken up for delay only, 10 percent damages may be awarded by the appellate court upon any judgment for a sum certain which has been affirmed. The award shall be entered in the remittitur."